**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                        :
FA.LU. CIOLI, LLC,                      :
                                        :
     Plaintiff,                         :        Civil Action No. 15-1310 (SRC)
                                        :
               v.              :
                                        :        **OPINION & ORDER**
LAURA ZUCHOWSKI et al.,                  :
                                        :
     Defendants.                        :
_____:

**CHESLER, U.S.D.J.**

This matter comes before the Court on two motions by Plaintiff Fa.Lu. Cioli, LLC

("Cioli"): 1) the motion for sanctions, pursuant to 28 U.S.C. § 1927; and 2) the motion for a

preliminary injunction.  For the reasons stated below, both motions will be denied.

Cioli moves for sanctions under 28 U.S.C. § 1927, which states:

> Any attorney or other person admitted to conduct cases in any court of the United
> States or any Territory thereof who so multiplies the proceedings in any case
> unreasonably and vexatiously may be required by the court to satisfy personally the
> excess costs, expenses, and attorneys' fees reasonably incurred because of such
> conduct.

Cioli contends that counsel for the Government has multiplied proceedings in an unreasonable and

vexatious manner.  Plaintiff filed the Complaint on February 19, 2015.  Since that date, Defendants

filed only one motion, a motion to dismiss for lack of jurisdiction, subsequently withdrawn when

changed circumstances removed an essential factual predicate.  Defendants have done nothing that

comes even remotely close to vexatiously multiplying the proceedings, and the motion for

sanctions will be denied.

Cioli also moves for a preliminary injunction, asking that the Court Order Defendants to

"extend Mr. Livio Bigelli's immigration status" while this litigation is pending.  (Pl.'s Br. 1.)  As Defendants contend, Plaintiff's brief does not explain what Mr. Bigelli's present immigration status is, nor how exactly Defendants might act to extend the unknown status.  The proposed order submitted by Plaintiff uses this exact language.  Were this Court to sign that proposed order, it would create only confusion and uncertainty.[1]

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. NRDC, Inc., 555 U.S. 7, 20 (2008).  Plaintiff has not shown that it is likely to succeed on the merits.  The section of Plaintiff's brief under the heading of this factor contains only allegations of USCIS misconduct.  Conspicuously absent is any ground for this Court to conclude that Plaintiff is likely to succeed on the merits.  Why does Plaintiff believe that it is likely to prevail on the merits?  The brief does not even sketch out a legal theory of why Mr. Bigelli is entitled to an L-1 visa, much less shown a likelihood of success on the merits in demonstrating that Defendants' denial of the visa application was arbitrary and capricious.  The motion for a preliminary injunction will be denied.

For these reasons,

**IT IS** on this 19th day of November, 2015,

**ORDERED** that Plaintiff's motion for sanctions (Docket Entry No. 16) is **DENIED**; and it is further

---

[1] Defendants infer, however, that Mr. Bigelli is present in the United States on a visa, and that Plaintiff seek to have Defendants extend that visa indefinitely during this litigation.

2

**ORDERED** that Plaintiff's motion for a preliminary injunction (Docket Entry No. 18) is

**DENIED**.


    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.