NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| FA.LU. CIOLI, LLC,<br><br>            Plaintiff,<br><br>     vs.<br><br>LAURA ZUCHOWSKI, Director, Vermont Service Center; LEON RODRIGUEZ, Director, U.S. Citizenship and Immigration Services; JEH JOHNSON, Secretary, Department of Homeland Security; ERIC HOLDER, Attorney General,<br><br>            Defendants. | Civil Action No. 15-cv-1310 (SRC)(CLW)<br><br>**OPINION & ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's motion to compel production of "the certified administrative records of all prior L-1 Visa petitioners filed by Plaintiff with Defendant USCIS." (Brief, ECF No. 35-1, at 1.) The Government opposes the motion because "Plaintiff failed to establish that discovery is necessary beyond the Certified Administrative Record." (Opp., ECF No. 38, at 1.) The Court declined to hear oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure and, for the reasons set forth below, the Court denies the motion.

Plaintiff brought the instant action under the Immigration and Nationality Act, 8 USC § 1101, and the Administrative Procedure Act, 5 USC § 701, seeking to "[s]et aside the USCIS denial decision" issued with respect to the L-1 Visa petition Plaintiff filed on behalf of its employee, Mr. Bigelli, in relation to Plaintiff's specialty pork business. (Compl., ECF No. 1, ¶¶ 3, 11, 21, Prayer for Relief.) In support of the instant motion, Plaintiff concentrates on the following timeline: USCIS denied the petition, Plaintiff filed the instant suit, USCIS reopened consideration

of the petition, and USCIS again denied the petition, with additional grounds cited in support of the denial. (Brief, at 4.) Plaintiff indicates that it "previously filed two separate L-1 Visa petitions, which were approved by the USCIS" and contends that the "certified administrative records of the prior L-1 Visa petitions filed by Plaintiff with USCIS [are] strictly related to the subject matter of this litigation." (Id., at 4-6.) In particular, Plaintiff argues that the records are relevant, that production will further the interests of justice and judicial economy, and that the records "will further show that the USCIS is acting in bad faith by apparently altering the certified administrative record and attempting to conceal material facts from the Court." (Brief, at 6; Ryan Aff., ECF No. 35-3.)

The Government, on the other hand, maintains that Plaintiff's request should be denied because judicial review is generally limited to the petitioner's administrative record, Plaintiff offers only "speculative reasons why [the other] records might be relevant," and Plaintiff otherwise fails to articulate the requisite bad faith to merit additional discovery. (Opp., at 1-2.) The Government also emphasizes that it did not alter the record, as the agency simply placed multiple stickers on Plaintiff's visa application in the course of reopening and ultimately denying the application a second time. (Opp., at 2 (citing Letter, ECF No. 29).)

Judicial review of administrative action under the APA is generally limited to the administrative record. NVE, Inc. v. Dep't of Health & Human Servs., 436 F.3d 182, 190-97 (3d Cir. 2006) (citing United States v. Carlo Bianchi & Co., Inc., 373 U.S. 709, 715 (1963)); see also Camp v. Pitts, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.") Thus, "attempts to probe the thought and decision making processes of judges and administrators are generally improper" and, accordingly, "[t]here is a strong presumption against

discovery into administrative proceedings." NVE, 436 F.3d at 195 (declining to permit discovery to determine whether the administrative record was complete and citing Grant v. Shalala, 989 F.2d 1332, 1344 (3d Cir. 1993)). Such discovery, however, is permissible "in cases involving alleged bias on the part of an agency," id., or upon a "strong showing of bad faith or improper behavior." Citizens to Pres. Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971).

The parties agree that the Court may order the relief sought by Plaintiff, but dispute whether the particular circumstances presented warrant such relief.[1] The Court is cognizant that discovery in cases such as this is generally limited to the administrative record and, upon review, it must be concluded that Plaintiff has not made a sufficient showing for the Court to compel production of the administrative records of prior L-1 Visa petitions filed by Plaintiff. While Plaintiff argues forcefully and the posture of this case may well warrant some skepticism of USCIS, the Court discerns little evidence of bias, bad faith, or improper behavior. That is, USCIS' reconsideration of the matter may be legitimately and reasonably explained, Plaintiff points to no authority which forbids such reconsideration, and the Government credibly explains the supposed alterations of Plaintiff's petition. And, particularly in light of the impropriety of probing the administrative process, the relevance and discoverability of the prior petitions are not apparent. See Fogo De Chao (Holdings) Inc. v. U.S. Dep't of Homeland Sec., 769 F.3d 1127, 1143-44 (D.C. Cir. 2014) (rejecting challenges to the legal standard applied by administrative agency where challenges were premised upon claims of inconsistency with previous administrative decisions or other precedent); Royal Siam Corp. v. Chertoff, 484 F.3d 139, 148 (1st Cir. 2007) ("The mere fact that the agency, by mistake or oversight, approved a specialty occupation visa petition on one occasion does not create an automatic entitlement to the approval of a subsequent petition for renewal of that visa.")

---

[1] The parties also seem to agree that a FOIA request would allow Plaintiff to obtain the records at issue. (Brief, at 11; Opp., at 2-3.)

The Court concludes, therefore, that Plaintiff's arguments are insufficient to overcome the strong presumption against discovery outside of the administrative record in this case.

**ACCORDINGLY, IT IS** on this 30th day of March, 2016,

**ORDERED** that Plaintiff's motion to compel (ECF No. 35) is DENIED; and

**FURTHER ORDERED** that the Clerk shall terminate ECF No. 35.

s/ Cathy L. Waldor
**CATHY L.WALDOR**
**UNITED STATES MAGISTRATE JUDGE**