NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FA.LU. CIOLI, LLC, | : |
| Plaintiff, | : Civil Action No. 15-1310 (SRC) |
| v. | : |
|  | : **OPINION** |
| LAURA ZUCHOWSKI et al., | : |
| Defendants. | : |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on the motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for summary judgment by Defendants Eric Holder, Jeh Johnson, Leon Rodriguez, and Laura Zuchowski (collectively, the "Government."). Plaintiff Fa.Lu. Cioli, LLC ("Cioli") has opposed the motion. For the reasons stated below, the motion to dismiss for lack of subject matter jurisdiction will be granted.

Defendants first move to dismiss the Complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendants contend that this Court lacks subject matter jurisdiction because the Complaint does not seek review of a final agency action, as required by the Administrative Procedure Act ("APA"):

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.

5 U.S.C. § 704. The Complaint seeks review of a decision issued by USCIS on February 3, 2015. (Compl. ¶ 28.) The Government states that USCIS re-opened the underlying visa petition on April

20, 2015, and issued a final decision on July 28, 2015.  The Government notes that, on November 5, 2015, this Court granted Plaintiff leave to file an amended complaint, but Plaintiff has not done so to date.  As a result, the Government argues, this Court lacks subject matter jurisdiction to review the decision challenged in the Complaint.

In opposition, Plaintiff argues that the motion is untimely and that a motion to dismiss for lack of subject matter jurisdiction must be made before filing an answer, pursuant to Rule 12(b).  Plaintiff is incorrect.  The Supreme Court has held:

> [S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.  Moreover, courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.

Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citation omitted).  This Court not only *may*, but *must* determine whether it has subject matter jurisdiction over a case at every point.

Plaintiff next argues that Defendants are estopped from asserting lack of subject matter jurisdiction.  Although Plaintiff fails to cite any legal authority in support or even an explanation for this position, this Court must reject it because it is untenable under Arbaugh: subject matter jurisdiction *cannot ever* be forfeited.

Plaintiff does not contest the Government's assertion that the Complaint, which has not been amended, challenges a decision which is not a final agency decision.  The Court thus lacks subject matter jurisdiction to hear this case.  Furthermore, because Plaintiff has been given the opportunity to amend the Complaint, and has failed to do so, this Court concludes that amendment

of the Complaint would be futile, and the Complaint will be dismissed with prejudice.

                                                                                  s/ Stanley R. Chesler
                                                                          Stanley R. Chesler, U.S.D.J.

Dated: June 16, 2016